The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, the Defendant-Employer regularly employing three or more employees.
2. The employer-employee relationship existed between Defendant-Employer and Plaintiff.
3. Philips Consumer Electronics is self-insured, and Constitution State Service Company is the adjusting agent.
4. Plaintiff's average weekly wage was $323.60.
5. Plaintiff has not received any temporary total disability benefits from August 24, 1994 nor received payments for medical bills.
6. Medical records from Park Ridge Hospital, Dr. Todd B. Guthrie, Dr. E. Bruce Elliston, Dr. Eden, and Pardee Hospital were received into the evidentiary record.
7. Plaintiff's Form 18 and Interrogatories To Plaintiff, as well as Plaintiff's Answers, were also received into evidence.
Issue
Plaintiff contends that she suffered a compensable injury on August 15, 1994 and suffers from an occupational disease. Defendants deny these contentions.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff had been employed by Defendant-Employer for approximately four weeks prior to August 15, 1994. She did not work one job while employed there but rotated between jobs. On August 15, 1994, at approximately 8:00 p.m., Plaintiff experienced sharp pains in her wrist after she had been working on her shift for four hours. Despite the continuing pain in her left wrist, she continued to work the remainder of her shift and did not notify anyone of her pain.
2. The next morning her hand, wrist and fingers were swollen and appeared "blotchy" as she described. She was treated by Dr. E. Bruce Elliston who prescribed cream and assigned her to light duty. Later Plaintiff saw Dr. Todd Guthrie and received further treatment for her left wrist, arm and shoulder.
3. Dr. Elliston in his notes stated that he did not know what was wrong with Plaintiff. Dr. Guthrie's notes show several problems. It appears that Dr. Guthrie primarily treated Plaintiff for reflex sympathetic dystrophy which has resolved.
4. Plaintiff's mother, Betty Howard, testified at the hearing that her daughter's hand began hurting when she was at work on August 15, 1994. She also testified that after her daughter ceased working the problems with her hand would flare up and die down on occasion.
5. Neither Dr. Elliston nor Dr. Guthrie indicated in their notes that the jobs which Plaintiff had been doing at Philips Consumer Electronics were the type which are normally associated with her difficulties nor did they indicate that they saw a casual connection between her difficulties and work.
6. Plaintiff has claimed she has carpal tunnel syndrome, but Dr. Guthrie's notes indicate that the test for this was negative and his final assessment of Plaintiff did not mention carpal tunnel syndrome.
7. Plaintiff was out of work from August 18, 1994 until March 1995. However, during this period of time, Plaintiff testified that she was able to work, felt she was able to do jobs which were available in the area, but had not found a job during this period of time at least partially because she was equally interested in spending time with her daughter at home.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff did not suffer injury by accident on August 15, 1994 arising out of and in the course of her employment with Employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has not established that her condition was peculiar to her employment or that because of her employment she was placed at greater risk than the public at large to develop her condition. Thus, plaintiff did not contract carpal tunnel syndrome disease due to causes and conditioned of and peculiar to her particular employment with Defendant pursuant to N.C. Gen. Stat. § 97-53(13).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim must, under law, be and hereby is DENIED.
2. Each side shall bear its own costs.
 S/ ________________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ COY M. VANCE COMMISSIONER